| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

| | | |
|---|---|---|
| ERIN JILL NORRIX, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. _____ |
| | § | |
| AMERAFLEX RUBBER & GASKET | § | |
| CO., INC. and CODY COTHRAN, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF ERIN JILL NORRIX'S ORIGINAL COMPLAINT**

Plaintiff Erin Jill Norrix (referred to as "Norrix") brings this action under 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, attorney's fees and costs from Defendants Ameraflex Rubber & Gasket Co., Inc. (referred to as "Ameraflex") and Cody Cothran (referred to as "Cothran") (collectively referred to as "Defendants") under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1.     Norrix's claims arise under the FLSA.

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     Ameraflex and Cothran violated the FLSA by employing Norrix "for a workweek longer than forty hours [but refusing to compensate her] for [her] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [she was or is] employed." 29 U.S.C. § 207(a)(1).

5.     Ameraflex and Cothran willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

## II.  Jurisdiction & Venue

6.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

7.     Venue is proper in this district and division because Ameraflex resides in this district and division and substantial part of the events or omissions giving rise to Norrix's claim occurred in this district and division. 28 U.S.C. § 1391(b)(1), (2).

## III.  Parties

8.     Norrix is an individual who resides in Harris County, Texas and who was employed by Ameraflex and Cothran during the last three years.

9.     Ameraflex is a Texas corporation that may be served with process by serving its registered agent:

Gerald Cothran
317 Georgia Ave.
Deer Park, Texas 77536

Alternatively, if the registered agent of Ameraflex cannot with reasonable diligence be found at the company's registered office, Ameraflex may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

10.     Cothran is an individual who resides in Leon County, Texas and who may be served with process at:

19444 County Road 236
Oakwood, Texas 75855

or wherever he may be found. Alternatively, Cothran may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

11.     An allegation that Ameraflex committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Ameraflex or was done in the normal course and scope of employment of Ameraflex's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.     According to its website, Ameraflex manufactures and sells gaskets. *See generally*, Ameraflex—Give Yourself the Best, http://ameraflex.wpengine.com (last visited Jan. 6, 2021).

13.     Ameraflex does business in the territorial jurisdiction of this Court.

14.     Ameraflex employed Norrix from April 2017 to December 2018.

15.     Ameraflex employed Norrix as a caregiver for Cothran's father.

16.     Cothran was also Norrix's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire Ameraflex employees, including Norrix; (2) supervised or controlled Ameraflex employee schedules or conditions of employment, including Norrix's schedule and/or conditions of employment; (3) determined the rate or method of payment for Ameraflex employees, including Norrix; and/or (4) maintained Ameraflex employee records, including Norrix's records.

17.     As a caregiver, Norrix was responsible for assisting with activities of daily living.

18.     During Norrix's employment with Ameraflex, the company had employees engaged in commerce or in the production of goods for commerce.

19.     During Norrix's employment with Ameraflex, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20.     During Norrix's employment with Ameraflex, the company had an annual gross volume of sales made or business done of at least $500,000.

21.     Ameraflex paid Norrix on an hourly basis.

22.     Ameraflex paid Norrix on a bi-weekly basis by direct deposit.

23.     During Norrix's employment with Ameraflex, she regularly worked in excess of forty hours per week.

24.     Ameraflex knew or should have known that Norrix worked in excess of forty hours per week.

25.     Ameraflex did not pay Norrix for the hours she worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which she [was] employed." 29 U.S.C. § 207(a)(1).

26.     Instead, Ameraflex paid Norrix at the same rate of pay for all of the hours she worked and/or did not pay her at all.

27.     Norrix was not exempt from the maximum hour requirements of the FLSA.

28.     As a caregiver, Norrix's primary duties were nonexempt.

29.     As a caregiver, Norrix's primary duties did not include office or nonmanual work.

30.     As a caregiver, Norrix's primary duties were not directly related to the management or general business operations of Ameraflex or its customers.

31.     As a caregiver, Norrix's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32.     As a caregiver, Norrix did not, in performing her primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33.     As a caregiver, Norrix did not have any independent authority to deviate from Ameraflex's policies, practices and procedures.

34.     Ameraflex knew or should have known that Norrix was not exempt from the maximum hour requirements of the FLSA.

35.     Ameraflex willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

36.     During Norrix's employment with Ameraflex, the company did not maintain accurate time and pay records for Norrix as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

37.     During Norrix's employment with Ameraflex, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

38.     Ameraflex continued the pay practice(s) complained of by Norrix without investigation after being put on notice that the pay practice(s) violated the FLSA.

39.     Ameraflex has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

40.     Prior to this lawsuit, Ameraflex conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Norrix.

41.     Because Ameraflex and Cothran willfully violated the FLSA, the company is liable to Norrix for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

- 6 -

42.     As a result of the FLSA violation(s) described above, Ameraflex and Cothran are liable to Norrix for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

### V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

43.     Norrix adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

44.     During Norrix's employment with Ameraflex, she was a nonexempt employee.

45.     As a nonexempt employee, Ameraflex was legally obligated to pay Norrix "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours she worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

46.     Ameraflex did not pay Norrix "at a rate not less than one and one-half times the regular rate at which [s]he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

47.     Instead, Ameraflex paid Norrix at the same rate of pay for all of the hours she worked and/or did not pay her at all.

48.     If Ameraflex classified Norrix as exempt from the maximum hour requirements of the FLSA, she was misclassified.

49.     As a result of the FLSA violation(s) described above, Ameraflex and Cothran are liable to Norrix for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

50.     Norrix adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

51.     Ameraflex willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

52.     Ameraflex failed to maintain accurate time and pay records.

53.     Because Ameraflex willfully violated the FLSA, the company and Cothran are liable to Norrix for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

54.     Norrix adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55.     Norrix is authorized to recover liquidated damages on her claims by statute. 29 U.S.C. § 216(b).

56.     Norrix is authorized to recover attorney's fees and costs on her claims by statute. 29 U.S.C. § 216(b).

57.     Norrix has retained the professional services of the undersigned attorneys.

58.     Norrix has complied with the conditions precedent to recovering attorney's fees and costs.

59.     Norrix has incurred or may incur attorney's fees and costs in bringing this lawsuit.

60.     The attorney's fees and costs incurred or that may be incurred by Norrix were or are reasonable and necessary.

61.     Ameraflex and Cothran are liable to Norrix for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## VIII.  Relief Sought

62.     Norrix demands the following relief:

    a.   judgment against Ameraflex and Cothran in Norrix's favor for back wages, liquidated damages and attorney's fees, plus interest and costs;

    b.   prejudgment interest at the applicable rate; and

    c.   all other relief and sums that may be adjudged against Ameraflex and Cothran in Norrix's favor.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
State Bar No. 24107417
Federal Id. No. 3487389
renu@mooreandassociates.net